83 A.3d 1

IN THE MATTER OF KEITH O. MOSES, AN ATTORNEY
AT LAW (ATTORNEY NO. 045121990).

January 8, 2014.

**ORDER**

The Disciplinary Review Board having filed with the Court its decision in DRB 13–049, concluding that **KEITH O. MOSES** of **JERSEY CITY,** who was admitted to the bar of this State in 1990, should be censured for violating *RPC* 3.4(c) (knowingly disobeying an obligation under the rules of a tribunal) and *RPC* 8.4(d) (conduct prejudicial to the administration of justice);

And the Disciplinary Review Board having further concluded that respondent should be required to provide proof of his fitness to practice and be supervised in the practice of law for a period of two years;

And **KEITH O. MOSES** having been ordered to show cause why he should not be disbarred or otherwise disciplined;

And the Court having determined from its review of the matter that a three-month suspension from practice is the appropriate quantum of discipline for respondent's unethical conduct;

And good cause appearing;

It is ORDERED that **KEITH O. MOSES** is suspended from the practice of law for a period of three months, effective February 7, 2014, and until the further Order of the Court; and it is further

ORDERED that prior to reinstatement to the practice of law, respondent shall submit proof of his fitness to practice law as attested to by a mental health professional approved by the Office of Attorney Ethics; and it is further

ORDERED that following reinstatement, respondent shall practice law under the supervision of a practicing attorney approved

by the Office of Attorney Ethics for a period of two years and until the further Order of the Court; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.